Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2514 | **DATE** | 8/22/2002 |
| **CASE TITLE** | Charles Thoel vs. Blair J. Leibach, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, Thoel petition for writ of habeas corpus pursuant to section 2254 is denied. [Doc. #1].
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 2 7 2002 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 13 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| vg(lc) | courtroom deputy's initials | 02 AUG 26 PM 5:50 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Charles Thoel )
)
Petitioner, )
) No. 01 C 2514
v. )
) HONORABLE DAVID H. COAR
Blair J. Leibach, Warden. )
)
Respondent. )

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner's, Charles Thoel ("Thoel"), petition for writ of habeas corpus pursuant to § 2254. For the following reasons, Thoel's petition is denied.

### Background

Petitioner Thoel is currently incarcerated at the Danville Correctional Center, where he is in the custody of Warden Blair J. Leibach, and is identified as prisoner number B-43520.

Following a 1993 bench trial in the Circuit Court of Cook County (No. 92 CR 7770), Petitioner was found guilty of First Degree Murder and sentenced to thirty years in the Illinois Department of Corrections. Petitioner appealed his conviction to the Illinois Appellate Court, First District. On appeal, Petitioner claimed that the thirty year sentence was excessive because of his minimal criminal background and his history of mental illness. See Rule 23 Order, No. 1-93-2764.

On January 17, 1995, the Illinois Appellate Court affirmed the judgment of the Circuit Court of Cook County. Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court. Petitioner raised the additional claims that (1) it was judicial error to find Petitioner guilty

1

of two counts of first degree murder; (2) it was judicial error to find Petitioner guilty of first, rather than second, degree murder; and (3) the prosecution failed to prove Petitioner guilty beyond a reasonable doubt.

On June 1, 1995, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. On June 23, 1995, Petitioner filed a pro-se post-conviction petition in the Circuit Court of Cook County. Petitioner raised the following issues: (1) ineffective assistance of counsel; (2) improper closing argument by the State's prosecutor; (3) insufficient evidence of Petitioner's guilt beyond a reasonable doubt; (4) involuntary jury waiver; and (5) the appellate court refused to allow Petitioner to file a supplement to defense counsel's appellate brief raising the issue of his mental health and ineffective assistance of trial counsel.

After the State moved to dismiss the petition, the trial court appointed counsel, who filed a supplemental petition. In the supplemental petition, Petitioner claimed: (1) involuntary jury waiver; (2) ineffective assistance of trial counsel who misapprehended the law; and (3) ineffective assistance of appellate counsel.

The Circuit Court of Cook County dismissed Petitioner's post-conviction petition on September 10, 1998. Petitioner appealed the dismissal of his post-conviction petition to the Illinois Supreme Court. On appeal, Petitioner claimed that the involuntary jury waiver issue raised a valid constitutional claim, warranting an evidentiary hearing. On May 5, 2000, the Illinois Appellate Court affirmed the dismissal of Petitioner's post-conviction petition, holding that the trial court sufficiently established that the jury waiver was voluntary and not coerced. On July 14, 2000, Petitioner filed a petition for leave to appeal to the Illinois Supreme Court. In the petition, he raised the additional claim of ineffective assistance of counsel for failure to

conduct a meaningful adversarial defense during trial. On October 4, 2000, the Illinois Supreme Court denied Petitioner's petition for leave to appeal.

On April 9, 2001, Petitioner filed the instant petition for writ of habeas corpus.

**Discussion**

Petitioner raises the following arguments to support his claim that he is being held in violation of the Constitution, laws, or treaties of the United States: that he received ineffective assistance of trial counsel where counsel failed to: (a) hire a psychiatrist as an expert witness, but hired a psychologist; (b) failed to move to suppress statements; (c) negligently recommended a bench trial; and (d) failed to effectively support an insanity defense. Petitioner further claims that trial counsel's strategy was based on a misapprehension of the law, evidencing manifest incompetence.

Respondent asserts that the claims which Petitioner has raised in his petition for writ of habeas corpus are either procedurally defaulted or without merit, and respectfully submits, therefore, that this Court should deny the Petitioner's habeas corpus petition in its entirety. For the following reasons this court agrees with Respondent.

Petitioner's habeas action is governed by section 2254 of title 28 of the United States Code (section 2254), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under subsection (d)(1) of section 2254, any merits consideration of Petitioner's claims by this Court must be limited to determining whether the adjudication of those claims on the merits in state court "resulted in a decision that was contrary to, or involved and unreasonable application of, clearly established a federal law as determined by" the United States Supreme Court. AEDPA (28 U.S.C. § 2254(d)). This Court may only otherwise grant habeas relief under

3

subsection (d)(2) of section 2254, where the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in state court proceedings. AEDPA (28 U.S.C. § 2254(d)).

The United States Supreme Court has stated that "[it cannot be disputed that Congress viewed section 2254(d)(1) as an important means by which its goals for reform would be achieved." Williams v. Taylor, 592 U.S. 362, 120 S.Ct. 1495, 1518 (2000). In recognition of this point, the Court held that section 2254(d)(1) modifies the previously settled rule of independent federal review of state prisoners' habeas petitions in order to curb delays, to prevent "retrials" on federal habeas review, and to give effect to state convictions to the extent possible under the law. Williams, 120 S.Ct. at 1518. In setting forth the proper standard of review, the Court turned to the cardinal principle of statutory construction that courts must give effect, if possible, to every clause and word of a statute. Id. at 1518-19. Accordingly, it determined that a federal habeas corpus court must give independent meaning to both the "contrary to" and "unreasonable application" clauses of section 2254(d)(1).

I.   Claims Barred Due to Procedural Default

Petitioner's claims of ineffective assistance of counsel for failure to hire a psychiatrist as an expert witness, rather than a psychologist, failure to suppress statements, failure to effectively support an insanity defense, and misapprehension of the law evidencing manifest incompetence are all procedurally defaulted as they were raised in petitioner's post-conviction petition, but were not presented to the Illinois Appellate Court on review.

A habeas petitioner must survive procedural default before a federal court may address the merits of a habeas petition. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2554-55

(1991); Bocian v. Godinez, 101 F.3d 465, 468 (7th Cir. 1996)(citing Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 512 (1971)). Procedural default may occur in several ways. "[I]f a state court declines to review a petitioner's claim because the petitioner has failed to satisfy a state procedural rule, that claim is procedurally defaulted and barred from federal habeas review." Piscotti v. Washington, 143 F.3d 296, 300 (7th Cir. 1998). The complete failure to raise a claim to the state courts constitutes a procedural default to conclusively bar federal relief. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 1201(1982); Rodriguez v. Peters, 63 F.3d 546, 555 (7thCir. 1995). A petitioner who fails to present his claim in a petition for discretionary review to a state court of last resort has not properly presented his claim to the state court, and procedural default occurs. O'Sullivan v. Boerekel, 526 U.S. 838, 119 S.Ct. 1728 (1999).

If a petitioner has procedurally defaulted his claims, this court may reach the merits of the claims only if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. at 2565 (1991); Steward v. Gilmore, 80 F.3d 1205, 1211-13 (7th Cir. 1996). Cause sufficient to excuse procedural default has been defined as "some objective factor external to the defense" which precludes Petitioner's ability to pursue his claims in state court. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2645 (1986). Ordinarily, establishing cause for a procedural default on appeal thus "requires a showing of some external impediment preventing counsel from constructing or raising the claim." Id. at 2647.

In this case, Petitioner does not provide any evidence or argument to establish cause and prejudice in his petition. Nor does he establish a "fundamental miscarriage of justice" that would

5

permit him to sidestep the cause and prejudice requirement. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 866-67 (1995). These claims are therefore barred on federal habeas review.

II.    Claims Examined on the Merits

Petitioner claims that he was denied the effective assistance of counsel where trial counsel negligently recommended a bench trial. This court disagrees.

The nature of Petitioner's claim is that he was coerced into accepting a bench trial because he believed he had to pay more for a jury trial. He asserts that trial counsel was paid with a retainer and had a duty to "take []r. Thoel to a jury trial, even if he couldn't collect another $1000 dollars." (Petition, p. 5)

The Illinois Appellate Court reviewed Petitioner's claim that he did not voluntarily waive the jury trial. The Court considered that upon the filing of the State's motion to dismiss Petitioner's post-conviction petition, the trial court appointed counsel, who filed a supplemental petition. After the State's response, the trial court held a hearing. The court found that Petitioner knowingly and voluntarily waived his right to a jury trial on the record. The court also found that Petitioner's allegation that he was coerced into proceeding with a bench trial was not supported by the record. The court also reviewed the transcript of the actual jury waiver, during which the judge expressly explained the right Petitioner Thoel was giving up and asked him if it was his desire to waive a jury trial. Petitioner indicated that it was his desire. The appellate court explained that:

> [T]he trial court asked defendant if he understood that he was relinquishing his right to a jury trial, and again defendant answered that he understood and stated that it was his desire to do so. Defendant had the opportunity to state that he wanted a jury trial, but he did not. He also had the opportunity to tell the trial court that he could not afford to pay the additional attorney fees

6

requested, but he did not. Under these circumstances, we can only conclude that defendant's jury was voluntary and not coerced.

See, People v. Ramirez, 162 Ill.2d 235, 241-43 (1994).

Based on the Illinois Appellate Court's determination of the voluntariness of Petitioner's jury waiver, Petitioner's claim of ineffective assistance of counsel for recommending a bench trial is clearly without merit. Furthermore, Petitioner cannot establish that his attorney's performance in recommending a bench trial fell below an objective fell below an objective standard of reasonableness, or that he was prejudiced by this recommendation, as required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).

## Conclusion

For the following reasons, Thoel's petition for habeas corpus pursuant to section 2254 is denied.

Enter:

David H. Coar
United States District Judge

Dated: August 22, 2002

7